UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

TERRANCE E. LACEY SR.,

Plaintiff,

v.  CAUSE NO.: 3:18-CV-323-JD-MGG

INDIANA DEPT. OF CORRECTIONS,

Defendant.

OPINION AND ORDER

Terrance E. Lacey, Sr., a prisoner without a lawyer, filed a complaint. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers . . ." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nevertheless, pursuant to 28 U.S.C. § 1915A, this court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. "In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

Lacey alleges that correctional staff interfered with his mail, which resulted in the loss of an engagement ring, meaningful access to the courts, and loss of contact with his family. However, Lacey has not named a proper defendant. The Constitution's Eleventh Amendment provides: "The Judicial Power of the United States shall not be

construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." The Eleventh Amendment bars "a suit by a citizen against the citizen's own State in Federal Court." *Johns v. Stewart*, 57 F.3d 1544, 1552 (7th Cir. 1995). The Eleventh Amendment's jurisdictional bar extends to state agencies, such as the Department of Correction, as well as to the State itself. *See Kashani v. Purdue University*, 813 F.2d 843 (7th Cir. 1987). A State may elect to waive its Eleventh Amendment immunity, but Indiana has not. *Meadows v. State of Indiana*, 854 F.2d 1068, 1069 (7th Cir. 1988). Because the Department of Correction is the only defendant in this case, Lacey does not state a claim upon which relief can be granted.

Nevertheless, Lacey may file an amended complaint. *See Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013). A copy of this court's approved form – Prisoner Complaint (INND Rev. 8/16) – is available upon request from the prison law library. If he chooses to file an amended complaint, he must put the cause number of this case which is on the first page of this order. He should name the individuals responsible for his claims as defendants and must describe his interactions with each defendant in detail, including names, dates, locations, and explain how each defendant was responsible for interfering with his mail. This narrative should be organized in numbered paragraphs. He must refer separately to the unknown defendants even if he does not know their names. For instance, if he seeks to bring a claim against two correctional officers and two law library employees, he may refer to them as "Unknown Correctional Officer #1,"

"Unknown Correctional Officer #2," "Unknown Librarian #1," and "Unknown Librarian #2," and should use these names each time he refers to them.

For these reasons, the court:

(1) GRANTS Terrance E. Lacey, Sr., until June 11, 2018, to file an amended complaint; and

(2) CAUTIONS Terrance E. Lacey, Sr., that if he does not respond by that deadline, his case may be dismissed without further notice.

SO ORDERED on May 10, 2018.

                                        /s/JON E. DEGUILIO
                                        JUDGE
                                        UNITED STATES DISTRICT COURT